NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000253
28-AUG-2013
10:02 AM

NO. CAAP-12-0000253

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOHN L. JONES, Plaintiff-Appellee, v.
BARBARA A. VAN BALEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 06-1-0023)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Barbara A. Van Balen ("Van Balen") filed a notice of appeal ("NOA") that purports to appeal from "1. Denial of Defendants [sic] Motion for Continuance of the Eviction Hearing of February 29, 2012 [sic]" and "2. Denial of all Motions for Reconsideration and Petitions for Hearing on those Denials." As reflected in the court's order denying the motion of Plaintiff-Appellee John L. Jones ("Jones") to dismiss the appeal, we have jurisdiction in this appeal over the following orders issued by the Circuit Court of the Fifth Circuit ("Circuit Court"):[1] the March 1, 2012 Writ of Possession; the April 9, 2012 Order Regarding Title to an Automobile ("Order Regarding Title"); and the April 13, 2012 Stipulation and Order Re: Objection of Lienor Richards & Zenger to the Motion for Instructions to the Commissioner to Release Sums to Plaintiff in Accordance to the Arbitrator's Decision and Order of His Court ("Stipulation and Order"). We do not have jurisdiction in this appeal over any other order.

---

[1] The Honorable Randal G.B. Valenciano presided.

On appeal,[2/] Van Balen argues that (1) Jones defamed Van Balen in order to acquire property located at 465 Molo Street in Kapaʻa ("Property"); (2) Jones's attorney failed to examine Jones's charges against Van Balen and repeated the false charges to Van Balen's attorney; (3) Van Balen's attorney did not challenge these false charges, allowing Van Balen's reputation to be destroyed; (4) an attorney hired by Jones and his attorney in 2006 "joined the effort to deprive Ms. Van Balen of her property"; (5) after Van Balen was the winning bidder at a public sale of the Property, both of Jones's attorneys "conspired" with Richard P. Van Balen ("Richard") "to prevent Ms. Van Balen's purchase of [the Property]"; (6) Jones, Richard, and their attorneys conspired to produce a deposition which defamed Van Balen, which caused Van Balen's alimony to be terminated in court proceedings taking place in Maryland ("Maryland Case"); (7) the "notes by the Clerk of the Court at the Hearing on Eviction reveal the hostility, contempt, and disregard by all parties toward Ms. Van Balen"; and (8) the Circuit Court should have continued the February 28, 2012 hearing to a later date.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Van Balen's arguments as follows:

(1 - 6) Like this court held in *Jones v. Van Balen*, No. 30747, 2012 WL 2476812 (Haw. Ct. App. June 28, 2012) (SDO), Van Balen has failed to establish how any action alleged to have occurred in the Maryland Case requires vacatur of the Writ of Possession, the Order Regarding Title, or the Stipulation and Order. Furthermore, what we stated then remains true today: Van Balen has "failed to present any evidence that Jones's testimony actually caused her to lose her alimony in the Maryland Case." *Id.* at *2 n.4. Finally, Van Balen, through her unsupported and vague references to various conspiracies against her, fails to

---

[2/] Van Balen's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b) in virtually every respect. Nevertheless, we strive to address the appeals of pro se parties on the merits where possible. *Hawaiian Props., Ltd. v. Tauala*, 125 Hawaiʻi 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011). We do so here to the extent that we can.

show that she is entitled to vacatur of any writ or order properly before this court on appeal.

(7) Although unclear, it appears that Van Balen argues that the minutes from the February 28, 2012 hearing establish that "all parties" are hostile towards her. The minutes, however, do not reveal any unprofessionalism on the part of any party. The argument lacks merit.

(8) As noted above, we lack appellate jurisdiction to consider the issue of whether a continuance to the February 28, 2012 hearing should have been granted to Van Balen.[3/]

Therefore,

The Circuit Court's March 1, 2012 Writ of Possession; the April 9, 2012 Order Regarding Title; and the April 13, 2012 Stipulation and Order are affirmed.

DATED: Honolulu, Hawai'i, August 28, 2013.

On the briefs:

Barbara A. Van Balen,
Pro Se Defendant-Appellant.

Patrick J. Childs
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Lawrence M Reifurth
Associate Judge

Associate Judge

---

[3/] Furthermore, no transcript of the February 28, 2012 hearing appears in the record.